

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00924-CR

Rudy **DELGADO**, Sr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-07-0141-CRA
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Irene Rios, Justice

Delivered and Filed: December 19, 2018

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain agreement, appellant pleaded guilty to two counts of aggravated sexual assault on February 25, 2015. The trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. On August 1, 2016, the State filed two motions, requesting the trial court enter an adjudication of guilt for each count and revoke appellant's community supervision. The trial court granted the State's motions and sentenced appellant to two sixty-year terms of imprisonment to be served concurrently. The trial court imposed sentence in the underlying cause on May 3, 2017.

Appellant did not file a motion for new trial. Therefore, appellant's notice of appeal was due to be filed June 2, 2017. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on June 17, 2017. TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until October 24, 2018, approximately sixteen months after its due date.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH